UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 15-1834-DMG (DTBx)** | Date | December 18, 2015 |
|---|---|---|---|

| Title | *Juan Barbosa v. Transport Drivers, Inc., d/b/a TDI Nationwide* | Page | 1 of 6 |
|---|---|---|---|

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE MOTION TO REMAND [13]**

## I.
## PROCEDURAL HISTORY

On July 17, 2015, Plaintiff Juan Barbosa filed a complaint in the San Bernardino County Superior Court against Defendant Transport Drivers, Inc., alleging various state law claims, including disability discrimination in violation of the California Fair Employment and Housing Act, California Government Code section 12940 ("Compl."). [Doc. # 1-1.]  On September 4, 2015, Transport Drivers filed a notice of removal to this Court asserting diversity jurisdiction ("Removal"). [Doc. #1.]

On October 21, 2015, Barbosa filed the instant motion to remand this case to state court. [Doc. #13.]  On October 29, 2015, Transport Drivers filed an opposition.  [Doc. #16.]  On November 6, 2015, Barbosa filed a reply.  [Doc. #17.]

The Court deemed the motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, the motion to remand is **GRANTED**.

## II.
## LEGAL STANDARD

Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties.  A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought.  28 U.S.C. § 1441.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 15-1834-DMG (DTBx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | *Juan Barbosa v. Transport Drivers, Inc., d/b/a TDI Nationwide* | Page | 2 of 6 |

      The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts"). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citation omitted).

      "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citation and quotation marks omitted).

      "If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Gaus*, 980 F.2d at 566-67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). "Removal cannot be based simply upon conclusory allegations where the [complaint] is silent" as to the amount of damages." *Id*. "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Id*. (internal citation omitted).

### III.
### DISCUSSION

**A.**     **Timeliness**

      As an initial matter, Transport Drivers asserts that Barbosa untimely filed his motion to remand—it was filed over 47 days after removal. Opp. at 8. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

      Nevertheless, the Court may consider Barbosa's motion to remand to the extent the motion challenges the Court's subject matter jurisdiction over this action. 28 U.S.C. § 1447(c)

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 15-1834-DMG (DTBx) | Date | December 18, 2015 |
|---|---|---|---|
| Title | *Juan Barbosa v. Transport Drivers, Inc., d/b/a TDI Nationwide* | Page | 3 of 6 |

("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction.").

Here, Barbosa's motion to remand is not based on a procedural defect in the removal, but rather on his objection to the Court's exercise of diversity jurisdiction. Thus, the Court will consider the merits of Barbosa's arguments.

**B.    Diversity Jurisdiction**

To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

   **1.    Barbosa's Citizenship**

Barbosa argues removal is improper because Transport Drivers has not adequately alleged his citizenship. The Notice of Removal bases Barbosa's alleged citizenship in California solely on the fact that he resides in California. Removal ¶ 9. Barbosa is correct that diversity jurisdiction depends on citizenship and not merely residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Yet, Barbosa does not deny he is a citizen of California in the instant motion—he simply argues that Transport Drivers has not met its burden to establish citizenship. Mot. at 5-6. But Transport Drivers has responded to the deficiency in its Notice of Removal with evidence demonstrating that Barbosa's state of residence also happens to be his state of citizenship. For example, Transport Drivers points out that Barbosa attached to his Complaint a copy of his Department of Fair Employment and Housing complaint, which states he "resides in the City of El Monte, State of California." Opp. at 10 (citing Siegel Decl. Ex. D). Barbosa's own complaint alleges that he is a resident of California. Compl. ¶ 1. Barbosa's driver license identifies his address as being in El Monte, California. Iwanski Decl., Ex. A.

Under Supreme Court precedent, "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watts*, 138 U.S. 694, 706, 11 S. Ct. 449, 452 (1891); *see also D.C. v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 15-1834-DMG (DTBx) | Date | December 18, 2015 |
| Title | *Juan Barbosa v. Transport Drivers, Inc., d/b/a TDI Nationwide* | Page | 4 of 6 |

man lives is properly taken to be his domicile until facts adduced establish the contrary.") (citations omitted); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) ("person's residence is prima facie evidence of his or her place of domicile for purposes of diversity jurisdiction.") (citation omitted)).

Barbosa has failed to cite any facts to suggest that he is not in fact domiciled in California—or even deny he is a citizen of California. Because Transport Drivers can cure the deficiency in its Notice of Removal by asserting Barbosa's presumed state of citizenship, the Court declines to reject the removal on the basis that Barbosa's citizenship has not been established.

### 2. Transport Drivers' Citizenship

For diversity purposes, a corporation is deemed to be a citizen of both the state by which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)). A corporation's "principal place of business" is its "nerve center" where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

Here, Transport Drivers has established that its principal place of business is in Illinois. Transport Drivers submits a declaration from its Vice President of Human Resource, Kris Iwanski, stating that its headquarters is located in Woodridge, Illinois. Iwanski Decl. ¶ 4. All of its primary executive, administrative, financial, and management functions are in the State of Illinois, where all of its corporate officers direct, control, and coordinate its activities. *Id.* Iwanski further states that none of its corporate officers works outside the State of Illinois. *Id.*

In sum, Transport Drivers has established that Barbosa is a citizen of California. It has established through declarations that it is not a citizen of California. Complete diversity therefore exists.

### C. Amount in Controversy

In considering whether the removing defendant has satisfied its burden of proving the jurisdictional amount, the court "may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer*, 116 F.3d at 377 (internal citation and quotation marks omitted).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 15-1834-DMG (DTBx) | Date | December 18, 2015 |
|---|---|---|---|

| Title | *Juan Barbosa v. Transport Drivers, Inc., d/b/a TDI Nationwide* | Page | 5 of 6 |
|---|---|---|---|

     Here, Barbosa seeks actual, consequential, and incidental damages, including but not limited to lost earnings and employee benefits, general and special damages, restitution, punitive damages, and attorneys' fees, without providing a specific total damages figure. Compl. at 12.

     **1.**     **Lost Wages**

     Transport Drivers claims that Barbosa seeks at least $78,374.40 in lost wages, based on his loss of earnings during the 26-month period from the time he was terminated to the date of removal. Opp. at 12. Transport Drivers calculated this figure using his full-time hourly rate of $18.84 as of the time he was terminated. *Id.*; Iwanski Decl. ¶ 5. Barbosa argues that this calculation, however, does not account for his mitigation.

     Indeed, Transport Drivers does not deny that Barbosa was employed at the time of removal. According to Barbosa, he obtained a new job approximately three months after Transport Drivers terminated him. Barbosa Decl. ¶ 2. Since then, Barbosa states that at a weekly wage of $650, he mitigated his damages by at least $59,800. *Id.*; Reply at 6-7. Subtracting this amount from the damages figure alleged by Transport Drivers yields $18,574.40 in potential back pay as of the time of removal. Reply at 6-7.

     The Court will factor in Barbosa's mitigation efforts and will consider $18,574.40 as the amount Barbosa seeks in compensatory damages up to the date of removal.

     **2.**     **Other Damages and Attorneys' Fees**

     "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons*, 209 F. Supp. 2d at 1031; *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("a reasonable estimate of [attorney's] fees likely to be recovered may be used in calculating the amount in controversy"). To establish probable punitive and emotional distress damages, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons*, 209 F. Supp. 2d at 1031 (citation omitted); *Ponce v. Medical Eyeglass Ctr., Inc.*, 2015 U.S. Dist. LEXIS 98517, at *9-10 (C.D. Cal. July 27, 2015) (citations omitted).

     Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Transport Drivers has submitted what it states are copies of three jury verdicts from allegedly similar California employment-related disability discrimination cases in which verdicts

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 15-1834-DMG (DTBx) | Date | December 18, 2015 |
| Title | *Juan Barbosa v. Transport Drivers, Inc., d/b/a TDI Nationwide* | Page | 6 of 6 |

far exceeded $75,000. *See* Siegel Decl., Exh. C [Doc. # 16-3]. Barbosa objects to this evidence as hearsay, lacking foundation, and lacking authentication. [Doc. # 17-1.]

The Court sustains Barbosa's hearsay objection. Transport Drivers obtained these jury verdicts, not from a court docket, but from a search of www.verdictsearch.com, and seeks to introduce the verdict awards for their truth. No hearsay exception applies. Moreover, the Court cannot take judicial notice of information gathered from a third party website concerning these verdicts.

Thus, Defendants have not submitted admissible "summary-judgment-type evidence" showing that the punitive and emotional distress damages "more likely than not" exceed $75,000.

As for attorneys' fees, district courts in the Ninth Circuit "are split as to whether a court should consider only attorneys' fees incurred as of the time of removal or fees reasonably likely to be incurred after the date of removal." *Bigby v. DS Waters of Am. Inc.*, 2013 WL 394876, at *7 (C.D. Cal. Jan. 30, 2013) (citations omitted); *compare Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1016 (D. Or. 2012) (measuring attorney fees incurred as of the time of removal), *with Brady*, 243 F. Supp. 2d at 1010-11 ("a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy"). Although this Court finds the reasoning in *Brady* to be persuasive, the Ninth Circuit has not clarified this issue to date.

In any event, under either standard of measurement, Transport Drivers has not submitted any *evidence* of the attorneys' fees accrued as of the time of removal, or an amount likely to be recovered by the end of this action. Its fee discussion is limited to arguments submitted in its brief.

In short, given the strong presumption against removal, Transport Drivers has not met its burden of establishing that the amount in controversy "more likely than not" exceeds $75,000. It therefore has not shown that this Court has subject matter jurisdiction over this case.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's motion to remand is **GRANTED**. This action is REMANDED to the San Bernardino County Superior Court. All scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED.**